Matthew S. Salerno
Direct Dial: +1.212.906.4738
matthew.salerno@lw.com

# LATHAM&WATKINS LLP

53rd at Third
885 Third Avenue
New York, New York 10022-4834
Tel: +1.212.906.1200 Fax: +1.212.751.4864
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Beijing | Moscow |
| Boston | Munich |
| Brussels | New York |
| Century City | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Shanghai |
| Houston | Silicon Valley |
| London | Singapore |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |
| Milan | |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: NOV 13 2019

November 12, 2019

**VIA ECF**

SO ORDERED:

*George B. Daniels*

George B. Daniels, U.S.D.J.

Dated: NOV 13 2019

Hon. George B. Daniels
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: Request to Redact: *US VC Partners GP LLC et al. v. United States Department of the Treasury, Office of Foreign Assets Control et al. (1:19-cv-06139) (GBD)*

Dear Judge Daniels:

On behalf of Plaintiffs in the above-captioned matter, I write pursuant to Rule I.D of Your Honor's Local Rules to request the Court's permission to file one document on the public docket in redacted form in connection with the Declaration of Mr. Andrew Intrater (Dkt. No. 46), which accompanies Plaintiffs' Reply Memorandum of Law in Further Support of Plaintiffs' Motion for the Return of Unlawfully Seized Property, filed on November 12, 2019 (Dkt. No. 45).

Specifically, Exhibit 2 to Mr. Intrater's Declaration is an Annual Report of Blocked Property ("Annual Report") prepared by Plaintiffs on September 27, 2019 in connection with their reporting obligations to the Office of Foreign Assets Control ("OFAC"), also a defendant in this litigation. The Annual Report contains an accounting of blocked property and the location of such blocked property, along with other commercially sensitive, non-public information about each property. This information includes, but is not limited to, relevant bank account numbers identifying the accounts where property is blocked, estimated or real value of specific blocked property, holdings by specific entities in respective investments, and deal terms related to certain investments. Plaintiffs have narrowly tailored their redactions to remove information that, if disclosed, could cause potential harm to Plaintiffs, Plaintiffs' clients, or other entities not party to this litigation.

Plaintiffs recognize the presumption of public access to judicial documents, and the importance of such access. However, "the court must 'balance competing considerations against [this presumption].'" *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). Federal Rules of Civil Procedure 26(c)(1)(G) provides that "[t]he court may, for good cause, issue an order to protect a

**LATHAM&WATKINS**LLP

party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . requiring that . . . commercial information not be revealed or be revealed only in a specific way." Courts have regularly afforded protection to confidential business information and internal business records that, if disclosed, may cause competitive harm to a party's business. *See, e.g., GoSmile, Inc. v. Levine*, 769 F. Supp. 2d 630, 649 (S.D.N.Y 2011) (holding that the need to protect defendants' "highly proprietary materials" outweighed the presumption of public access); *Gelb v. Am. Tel. & Tel. Co.*, 813 F. Supp. 1022, 1035 (S.D.N.Y. 1993) (finding that "defendants' assertion that its competitors who do not now have this information could use it to do competitive injury to the defendants is, on the facts of this case, a sufficient basis to grant defendants' motion to seal[.]"). Here, the risk of harm to Plaintiffs and other non-parties outweighs the limited public interest in access to such information. *See id.*; *Lugosch*, 435 F.2d at 119–20.

As such, Plaintiffs now respectfully request that the Court grant Plaintiffs permission to file a redacted version of Exhibit 2 on the public docket and an unredacted version of Exhibit 2 under seal. In accordance with Your Honor's rules, we will also provide a copy of the unredacted version of Exhibit 2 to Chambers by hand delivery.

Respectfully submitted,

/s/ Matthew S. Salerno
Matthew S. Salerno
of LATHAM & WATKINS LLP

cc: All Counsel of Record via ECF