**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

June 30, 2020

**By ECF**
Hon. George B. Daniels
United States District Judge
United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:   *US VC Partners et al. v. United States Dep't of the Treasury et al.*,
            No. 19-cv-6139-GBD

Dear Judge Daniels:

      I write respectfully to apprise the Court of recent regulatory activity that is relevant to pending motions now scheduled for argument at 10:30 a.m. July 1, particularly plaintiffs' motion for turnover of allegedly seized property.  Plaintiffs have requested an on-consent two-week adjournment in light of recent developments in the case.  *See* ECF No. 63.

      Late yesterday afternoon, notwithstanding the parties' failure to reach agreement on steps that were satisfactory to plaintiffs, the Department of the Treasury ("Treasury") issued two additional related licenses to plaintiffs. One license authorizes plaintiffs to access approximately $8.7 million in blocked funds for the payment of carried interests now due to them, legal fees, and certain operational expenses and fees incurred. The second license authorizes plaintiffs to conduct a variety of wind-down activities with respect to additional blocked investment assets. In a letter to plaintiffs transmitting the licenses, Treasury stated as follows:

> After completion of a divestment pursuant to the Unwinding License, OFAC is prepared to authorize on a case-by-case basis, and upon request from Sparrow, the release of blocked funds for the recovery of Sparrow's equity interests in the investment (referred to as "carried interests"), if any, and reasonable operational expenses and fees incurred by Sparrow. As you may know, OFAC licenses the release of blocked funds in limited circumstances only. OFAC, however, will take a favorable view towards these requests to enable the recovery of U.S. persons' investments and certain operational expenses and fees incurred, provided they are reasonable and are supported by proper documentation. In addition, as previously communicated, OFAC is prepared to authorize the receipt of fresh funds located outside of U.S. jurisdiction from Vekselberg or Renova for reimbursement of outstanding management fees or other funds owed to Sparrow by Vekselberg or Renova.

      Previously, Treasury issued two licenses, one in April 2020 and one earlier this month, to authorize requests from plaintiffs to receive a total of approximately $1.4 million in blocked funds to meet expenses.

Copies of the relevant licenses (with an account number redacted from three of the licenses) and Treasury's transmittal letter of yesterday are attached as exhibits to this letter.

Thank you for your consideration of this submission. I apologize for submitting it so close to the scheduled argument time, but the most recent licenses were issued only yesterday afternoon, and the parties were seeking a consensual resolution that would obviate the need for argument through last week.

          Respectfully,

          AUDREY STRAUSS
          Acting United States Attorney

By:    _s/David S. Jones_____
        DAVID S. JONES
        Assistant United States Attorney
        86 Chambers Street, 3rd Floor
        New York, New York 10007
        Telephone: (212) 637-2739
        Facsimile: (212) 637-2730
        Email: David.Jones6@usdoj.gov

Encls.

cc:    Counsel for Plaintiff (by ECF)